[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16599
Non-Argument Calendar

_____

D. C. Docket No. 05-00416-CV-ORL-28-DAB

CHARLIE H. DAVIS,
LEYDA E. CHEW,
both individually and on behalf of
Lequindra Keion Davis (19) and
Chalise Davis (20),

Plaintiffs-Appellants,

versus

HON. GEORGE WINSLOW, JR.,
RICHARD S. GRAHAM,
BARBARA FANCHER JONES, Attorney,
KATHY A. JIMENEZ, Attorney,
ERIK K. NEITZKE, Attorney, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 20, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Charlie Davis and Leyda Chew, proceeding pro se, appeal the district court's dismissal of their 42 U.S.C. § 1983 complaint. Davis and Chew alleged that the actions of which they complain were taken by the state-actor defendants in their individual capacities. Davis and Chew asserted a variety of contractual, constitutional, and civil rights statutory causes of action, including 42 U.S.C. § 1983 and asked for money damages, custody of Chew's son, reinstatement of Davis's driver's license, annulment of Chew's divorce agreement with Harry Sperl, punitive damages, attorney's fees, and unspecified injunctive relief. Davis and Chew made it clear in their arguments to the district court that they are challenging the judgments against them in state court.

The *Rooker-Feldman* doctrine deprived the district court of subject-matter jurisdiction to hear Davis and Chew's claims. The *Rooker-Feldman* doctrine establishes that federal courts, other than the Supreme Court, do not have subject-matter jurisdiction over actions that effectively seek to appeal state court judgments. *Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,

2

415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). Davis and Chew allege nothing to indicate that they were in any way deprived of the opportunity to raise their issues in the state court proceedings. To the extent that Davis and Chew raise issues that extend beyond a dissatisfaction with the outcome of their state court cases, those issues were decided by the state courts or inextricably bound up in those decisions.

**AFFIRMED.**